## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| Sasha Evans | **:** |
| 1447 U Street, NW, Apt. 102 | |
| Washington, DC 20009 | **:** |
| | |
| | Case No.: |
| Plaintiff, | **:** |
| | **:**   **JURY DEMAND** |
| v. | |
| | **:** |
| DISTRICT OF COLUMBIA, | |
| a municipal corporation | **:** |
| Office of Corporation Counsel | |
| 441 4th Street, N.W. | **:** |
| Washington, DC 20001 | |
| | **:** |
| Larry W. Seay, individually, | **:** |
| and in his official capacity as | |
| Metropolitan Police Dep't. | **:** |
| 2929 Nash Place, SE, Apt. 2 | **:** |
| Washington, DC 20002 | |
| | **:** |
| Defendants. | |

_____**:**

## COMPLAINT

1.   COMES NOW the Plaintiff, Sasha Evans, by and through his counsel, The

Law Office of Jimmy A. Bell, P.C., a professional corporation, and Jimmy A.

Bell, Esquire, and The Wiggs Law Group, LLC and J. Wiggs, Esq.and respectfully

presents this Complaint against the Defendants, the District of Columbia, a municipal

corporation, and Larry W. Seay, individually and in his official capacity as Officer in the

Metropolitan Police Department for the District of Columbia (MPDC), to enforce his

rights under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983 for excessive force

and Unlawful arrest and imprisonment.

1

## JURISDICTION

2.      Jurisdiction of this court is based upon 42 U.S.C. § 1983.

## VENUE

3.      Venue is proper in the District of Columbia as the Defendant operates a licensed

business in the District of Columbia and the acts complained of occurred within

the said jurisdiction.

## STATEMENT OF FACTS

4.      During all times mentioned in this Complaint, Plaintiff Evans was and

still is, a citizen of the United States, and she resided, and now resides in the District of

Columbia.

5.      At all times mentioned here, Defendant, the District of Columbia, was a

municipal corporation, charged with overseeing the MPDC; Defendant Seay, was a duly

appointed and presently acting member in MPDC.

6.      At all times material to this Complaint, Defendant Seay was employed as a

police officer for the District of Columbia and was acting under the color of his

official capacity and his acts were performed under color of the statutes and

ordinances of the District of Columbia.

7.      Defendant Seay was the servant, agent, and employee of his codefendant, the

District of Columbia, so that his acts are imputed to the District of Columbia.

8.      Defendant Seay, upon information and belief, is employed in the Third District.

9.      At all times mentioned here Defendant, District of Columbia was a municipal

corporation, and was the employer of Defendant Seay.

10.     The District of Columbia provided Defendant Seay with an official badge and

identification care which designated and described its bearer as a police officer of

the said district's police department. The District of Columbia is the municipal

corporation in whose name Defendant Seay performed all acts and omissions

alleged here.

11.     During all times mentioned herein, Defendant Seay acted under color and

pretense of law, to wit, under color of the statues, ordinance, regulations, customs

and usages of the District of Columbia.

12.     Defendants  engaged in illegal conduct here mentioned to the injury of

Plaintiff and deprived Plaintiff of the rights, privileges, and immunities secured to

Plaintiff by the the Constitution of the United States and laws

of the United States.

13.     On several occasions between May 1, 2010 and July 21, 2010, within the District of

Columbia, Defendant Seay  would identity himself as a police officer, place Plaintiff in

hand cuffs in his police vehicle, drive  to a secluded area and engaged in sexual acts with

Plaintiff without her consent while she was an illegal prisoner in the official custody of

Defendant Seay, a police officer with the Metropolitan Police Department. Defendant

Seay raped Plaintiff and made Plaintiff perform oral sex on him without a condom.

Defendant Seay raped Plaintiff and made Plaintiff  have vaginal sex without a condom

and ejaculated inside her body while she was in handcuffs. Defendant Seay would then

unhand cuff  Plaintiff and tell her to leave the area. Placing a person in handcuffs and

placing them in a police vehicle is a direct outgrowth of Defendant Seay's instructions or

job assignment, an integral part of the employer's (Defendant District of Columbia's)

business activity. Using force against a citizen in the District of Columbia is a direct

outgrowth of Defendant Seay's instructions or job assignment, an integral part of the employer's (Defendant District of Columbia's) business activity. Defendant Seay's assault on Plaintiff was the outgrowth of a job related controversy, the illegal arrest of Plaintiff. The relationship between Defendant Seay and Plaintiff did originate as a result of Defendant Seay performing his police duties.

14.    The rapes occurred while Defendant Seay was in uniform and was armed with, and had readily available, a firearm which further intimidated Plaintiff.

15.    Prior to Defendant Seay's rape of Plaintiff, Defendant District of Columbia had been placed on notice by another woman about Defendant Seay's actions but Defendant District of Columbia Government failed to train and supervise Defendant Seay to prevent his actions against other women such as Plaintiff. Defendant District of Columbia had a policy/practice of sweeping complaints of woman who accused officers of sexual assaults under the rug.  Defendant District of Columbia policy/practice of sweeping complaints of woman who accused officers of sexual assaults under the rug harmed the Plaintiff.

16.    On March 12, 2012, a Grand Jury in the District of Columbia Superior Court indicted Defendant Seay for raping 4  women, including Plaintiff, dating back to 2006.

17.    A reasonable police officer in Defendants' position could not have believed their actions to be justified.  Defendants' actions were motivated by the District of Columbia's custom and/or policy so that Defendant's policy was the moving force behind the violation of Plaintiff's rights. Defendant Seay's  actions were job related as his actions occurred after he had identified herself a member of MPD.

18.    Defendants acted under the color of law and acted willfully, knowingly, and purposefully with the specific intent to deprive Plaintiff of his civil rights.

19.     In refusing to take action against Defendant Seay and treating Plaintiff as if she had

broken the law, Defendants caused Plaintiff to be denied her rights secured by the

provisions of the due process clause of the Fifth to the Constitution of the United States,

and by Title 42 United States Code Section 1983.

20.     A reasonable inference can be drawn that Defendants' actions were

unreasonable; and that by allowing Defendant Seay to assault Plaintiff a second time,

Defendant acted in deliberate disregard of Plaintiff's rights.

21.     Defendant Seay was the servant, agent, and employee of her codefendant, the

District of Columbia, so that his acts are imputed to the District of Columbia.

## COUNT I (Excessive Force)

## DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983
### (Both Defendants)

22. Plaintiff re-pleads and re-alleges paragraphs 1 through 21, with the same force and effect

as if set forth separately at length herein.

23. Defendant acted at all times under color of the statutes, ordinances, regulations, customs,

and usages of the District of Columbia.

24. Defendants have a custom, policy or practice of allowing Officers to engage in unlawful

sexual and derogatory treatment of female detainees. Defendant Seay's sexual abuse and

rape of Plaintiff is, by definition, a "malicious and sadistic" use of force.

25. Defendants had actual or constructive knowledge of said policy, custom or practice. The

illegality of forcibly penetrating then Plaintiff's, a detainee,  vagina would have been

evident to a reasonable law enforcement officer. Defendant Seay's conduct was

"instrusive, demeaning, and violative of Plaintiff's personal integrity.

26. Defendant Seay violated the Plaintiff's US. Constitutional rights when he used force maliciously and sadistically for the very purpose of causing harm to Plaintiff. The force used was not justified by any legitimate law enforcement or prison management need, or was completely out of proportion to that need. Defendant Seay's sexual abuse and rape of Plaintiff is, by definition, a "malicious and sadistic" use of force.

27. Defendants' actions, taken in accordance with this policy, custom, or practice caused Plaintiffs to suffer mental and physical injuries, including severe emotional distress, humiliation, mental anguish and other damages. Sexual abuse is repugnant to contemporary standards of decency  and has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay" for their crimes. Sexual assault and abuse of detainees by staff violate their' constitutional rights under the 14th, 4th and 8th  Amendment.

28. Defendant, so acting, deprived Plaintiff of liberty rights secured to her by the Constitution and laws by raping her.

29. Defendant Seay's actions of sexually assaulting Plaintiff were "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.

30. The alleged sexual battery occurred under color of law and was so egregious and outrageous that it deprived Plaintiff of her substantive due process right to bodily integrity, a clearly established right under the United States Constitution.

31. The illegality of forcibly penetrating the Plaintiff's, a detainee,  vagina would have been evident to a reasonable law enforcement officer. Defendant Seay's  conduct was "instrusive, demeaning, and violative of Plaintiff's personal integrity.

32. Defendants acted with a wanton and reckless disregard for others in their  treatment of Plaintiff.

33. Defendants violated the Eighth Amendment when Defendant Seay used force maliciously and sadistically for the very purpose of causing harm to Plaintiff. The force used was not justified by any legitimate law enforcement or prison management need, or was completely out of proportion to that need.  Defendant Seay's  sexual abuse and rape of Plaintiff is, by definition, a "malicious and sadistic" use of force.

34. Defendants acted with malice and with gross negligence. Sexual abuse is repugnant to contemporary standards of decency  and has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay" for their crimes. Sexual assault and abuse of detainees by staff violate their' constitutional rights under the 14th, 4th and 8th  Amendment.

35. Defendants were motivated by an improper motive or that they had an affirmative intent to bring harm to Plaintiff.

36. Defendants, so acting, deprived Plaintiff of her rights to due process and equal protection of the laws secured to them by the Constitution.

37. Defendant Seay acted with actual malice.

38. Defendant Seay was acting under color of state law.

39. Defendant Seay engaged in actions that deprived the Plaintiff of her constitutional right not to be subjected to use of excessive force, and that the Defendant's acts were the proximate cause of the injuries or losses claimed by the Plaintiff.

40. Defendant Seay used unnecessary, gratuitous, and disproportionate force against Plaintiff to seize a secured, unarmed citizen.

41. Defendant Seay did not act in an objectively reasonable manner and, thus, are not entitled to qualified immunity for his actions against Plaintiff.

42. As a result of Defendant's actions Plaintiff suffered severe mental and emotional anguish, humiliation, loss of reputation, and other damages.

43. The conduct of Defendants was malicious, willful, and intentional.

44. Defendant Seay violated Plaintiff's constitutional right not to be subjected to the use of excessive force by a police officer. Defendant Seay personally caused the deprivation of Plaintiff's constitutional rights.

**COUNT II**
**(Unlawful arrest and imprisonment)**

**DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983**
**(Both Defendants)**

45. Plaintiff re-pleads and re-alleges paragraphs 1 through 44 with the same force and affect as if set forth at length and separately herein.

46. Defendant acted at all times under color of the statutes, ordinances, regulations, customs, and usages of the District of Columbia.

47. Defendants have a custom, policy or practice of allowing Officers to engage in unlawful sexual and derogatory treatment of female detainees. Defendant Seay's sexual abuse and rape of Plaintiff is, by definition, a "malicious and sadistic" use of force.

48. Defendants had actual or constructive knowledge of said policy, custom or practice. The illegality of forcibly penetrating then Plaintiff's, a detainee,  vagina would have been evident to a reasonable law enforcement officer. Defendant Seay's conduct was "instrusive, demeaning, and violative of Plaintiff's personal integrity.

49. Defendant Seay violated the Plaintiff's US. Constitutional rights when he used force maliciously and sadistically for the very purpose of causing harm to Plaintiff. The force used was not justified by any legitimate law enforcement or prison management need, or was

completely out of proportion to that need. Defendant Seay's sexual abuse and rape of Plaintiff is, by definition, a "malicious and sadistic" use of force.

50. Defendants' actions, taken in accordance with this policy, custom, or practice caused Plaintiffs to suffer mental and physical injuries, including severe emotional distress, humiliation, mental anguish and other damages. Sexual abuse is repugnant to contemporary standards of decency  and has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay" for their crimes. Sexual assault and abuse of detainees by staff violate their' constitutional rights under the 14th, 4th and 8th Amendment.

51. Defendant Seay's actions of sexually assaulting Plaintiff were "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.

52. The alleged sexual battery occurred under color of law and was so egregious and outrageous that it deprived Plaintiff of her substantive due process right to bodily integrity, a clearly established right under the United States Constitution.

53. The illegality of forcibly penetrating the Plaintiff's, a detainee,  vagina would have been evident to a reasonable law enforcement officer. Defendant Seay's  conduct was "instrusive, demeaning, and violative of Plaintiff's personal integrity.

54. Defendants acted with a wanton and reckless disregard for others in their  treatment of Plaintiff.

55. Defendants violated the Eighth Amendment when Defendant Seay used force maliciously and sadistically for the very purpose of causing harm to Plaintiff. The force used was not justified by any legitimate law enforcement or prison management need, or was completely out of proportion to that need.  Defendant Seay's  sexual abuse and rape of Plaintiff is, by definition, a "malicious and sadistic" use of force.

56. Defendants acted with malice and with gross negligence. Sexual abuse is repugnant to
   contemporary standards of decency  and has no legitimate penological purpose, and is
   simply not part of the penalty that criminal offenders pay" for their crimes. Sexual assault
   and abuse of detainees by staff violate their' constitutional rights under the 14th, 4th and
   8th Amendment.

57. Defendants were motivated by an improper motive or that they had an affirmative intent
   to bring harm to Plaintiff.

58. Defendants advised Plaintiff that she was not free to leave.

59. Defendants caused Plaintiff to be held and restrained against her will and raped her.

60. Such actions by Defendants unlawfully deprived Plaintiff of her liberty. The actions of
   Defendants was done with actual malice. Plaintiff  was deprived of her liberty without
   her consent and without legal justification.

61. As a result of the conduct and actions of Defendants, Plaintiff suffered the damage of
   being unlawfully deprived of her liberty and suffered and continues to suffer severe
   mental anguish.

62. The Defendants caused the restraint of Plaintiff against her will having neither reasonable
   grounds nor probable cause to believe that Plaintiff had committed any illegal offense.
   The conduct of Defendants was malicious, willful, and intentional.

**RELIEF SOUGHT**

63. Plaintiff re-pleads and re-alleges counts 1 through 62, with the same force and
   effect as if set forth separately at length herein.

64. Plaintiff requests the following relief:

65. Compensatory damages in the amount of $3,000,000.00.

66. Punitive damages[1] in the amount of $3,000,000.00.

67. Pre and Post-judgment interest.

68. The costs of litigation, including reasonable attorney's fees and expert witness

    fees.

69. Such other relief that may be just.

## JURY DEMAND

70. Plaintiff demands a trial by jury.


Respectfully submitted,


/s/

Jimmy A. Bell, Esq.
Law Offices of Jimmy A. Bell, P.C.
P.O. Box 639
Oxon Hill, MD 20750
Tel.: (301) 661-1165
Fax: (301) 298-5194
Bar # MD 14639


___/s/_____
J. Wiggs, Esq.
The Wiggs Law Group, LLC
9701 Apollo Drive
Suite 301
Upper Marlboro, MD 20774
240-326-3711
Bar No. MD18231

---

[1] Punitive damages are being claimed against Defendant Seay.